MERRITT, Circuit Judge,
concurring.
In this case, Justices Breyer and Stevens concurred in the result reached by the majority of the Court but pointed out *680 that “the complexity of this Court’s habeas corpus jurisprudence” means that “few lawyers, let alone unrepresented state prisoners, will readily understand it.” Edwards v. Carpenter, 529 U.S. 446, 454, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). They were referring to the forfeiture or “door-closing” rules erected by Congress and the Court. Those rules have become so complex that, as in the present case, it often takes years of litigation and long days of research, writing and argumentation by lawyers and judges before a case concludes. Once we cut through the layers of forfeiture rules (exhaustion of remedies, procedural default, cause and prejudice, ineffective assistance of counsel, adequate state ground, etc.), the case on the merits of the constitutional question usually becomes fairly simple. That is the case here. The bottom line is that the prisoner entered a guilty plea in order to avoid the death penalty, and the state prosecutor himself rather than sworn witnesses stated a factual basis for the entry of the plea. There is no federal constitutional prohibition forbidding a state trial court from establishing a factual basis in this way. This case would have been over years ago if we could have simply gotten to this question in the beginning. As Justices Breyer and Stevens observed, the forfeiture rules are no longer “comprehensible” but rather have become “difficult puzzles,” id. at 458, that foreclose a rational and efficient procedure for deciding habeas cases. Time-wise and justice-wise, we would be much better off if we could just get to the merits, as in the days of Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).